IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COMMONWEALTH PROPERTY ADVOCATES, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>NATIONAL CITY MORTGAGE, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SERVICE BY PUBLICATION<br><br><br>Case No. 2:09-CV-1147 TS |

This matter is before the Court on Plaintiff's Motion for Service by Publication. Plaintiff seeks to serve certain John Doe Defendants by publication. For the reasons discussed below, the Court will deny the Motion without prejudice.

Pursuant to Fed.R.Civ.P. 4(e)(1), the Court may allow service of process as permitted by the law of Utah. Rule 4(d)(4)(a) of the Utah Rules of Civil Procedure provides:

> Where the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, where service upon all of the individual parties is impracticable under the circumstances, or where there exists good cause to believe that the person to be served is avoiding service of process, the party seeking service of process may file a motion supported by affidavit requesting an order allowing service by publication or by some other means. The supporting affidavit shall set forth the efforts made to identify, locate or serve the

1

party to be served, or the circumstances which make it impracticable to serve all of the individual parties.[1]

Under this rule, litigants may not resort to service by publication until they have first undertaken reasonably diligent efforts to locate the party to be served. This reasonable diligence requirement arises from constitutional due process rights and the recognition that publication alone is generally not a reliable means of informing interested parties that their rights are at issue before the court.[2]

"A determination of reasonable diligence thus properly focuses on the *plaintiff's* efforts to locate the defendant. Relevant factors may include the number of potential defendants involved, the projected expense of searching for them, and the number and type of sources of available information regarding their possible whereabouts . . . ."[3]

"The reasonable diligence standard does not require a plaintiff to exhaust all possibilities to locate and serve a defendant. It does, however, require more than perfunctory performance."[4]

The diligence to be pursued and shown by the affidavit is that which is reasonable under the circumstances and not all possible diligence which may be conceived. Nor is it that diligence which stops just short of the place where if it were continued might reasonably be expected to uncover an address or the fact of death of the person on whom service is sought. . . . [Reasonable diligence] is that diligence which is appropriate to accomplish the end sought and which is reasonably calculated to do so. If the end sought is the address of an out-of-state defendant it encompasses those steps most likely, under the circumstances, to accomplish that result.[5]

---

[1] UtahR.Civ.P. 4(d)(4)(A).

[2] *Jackson Constr. Co., Inc. v. Marrs*, 100 P.3d 1211, 1215 (Utah 2004).

[3] *Id*. at 1216.

[4] *Id*. at 1217 (internal quotation marks and citation omitted).

[5] *Parker v. Ross*, 217 P.2d 373, 379 (Utah 1950) (Wolfe, J., concurring).

Having reviewed Plaintiff's Motion, Memorandum in Support, and Declaration, the Court finds that Plaintiff has not undertaken reasonably diligent efforts to locate the parties to be served. It is therefore

ORDERED that Plaintiff's Motion for Service by Publication (Docket No. 4) is DENIED WITHOUT PREJUDICE.

DATED February 8, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge