IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COMMONWEALTH PROPERTY ADVOCATES, LLC, <br><br> Plaintiff, <br><br><br><br><br> vs. <br><br> NATIONAL CITY MORTGAGE, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO INTERVENE AND DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION <br><br><br><br> Case No. 2:09-CV-1147 TS |

This matter is before the Court on a Motion to Intervene filed by RM Lifestyles, LLC and Woodbridge Realty, LLC ("Movants"). For the reasons discussed below, the Court will grant the Motion to Intervene, but so doing deprives this Court of subject matter jurisdiction over the instant action and so it must be dismissed.

## I. BACKGROUND

In its Complaint, Plaintiff Commonwealth Property Advocates, LLC ("Commonwealth") alleges that it purchased property located in Holladay, Utah (the "subject property") from Plaintiff's predecessor in title. It is further alleged that Plaintiff's predecessor in title obtained a

loan in the amount of $800,000 from National City Mortgage ("National City") by executing a Promissory Note, which was secured by a Deed of Trust. Plaintiff's predecessor in title apparently became delinquent in their payments and the beneficiary of the Deed of Trust caused foreclosure proceedings to be commenced. A foreclosure sale was scheduled for January 13, 2010. Plaintiff brought this action seeking declaratory relief and to quiet title.

In the Proposed Complaint in Intervention, Movants allege that they purchased the subject property at the foreclosure sale. The Movants similarly seek declaratory relief and removal of the lis pendens.

## II. DISCUSSION

Movants seek to intervene as of right pursuant to Fed.R.Civ.P. 24(a). Plaintiff has not responded to the instant Motion. DUCivR 7-1(d) provides that "[f]ailure to respond timely to a motion may result in the court's granting the motion without further notice."[1] Considering the merits of the Motion, it will be granted.

Rule 24(a) provides:

On timely motion, the court must permit anyone to intervene who:
(1) is given an unconditional right to intervene by a federal statute; or
(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.[2]

---

[1] DUCivR 7-1(d).

[2] Fed.R.Civ.P. 24(a).

"Rule 24(a)(2) entitles a movant to intervene as of right if: (1) the movant claims an interest relating to the property or transaction that is the subject of the action; (2) the disposition of the litigation may, as a practical matter, impair or impede the movant's interest; and (3) the existing parties do not adequately represent the movant's interest."[3]

"The *interest* element is 'a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.'"[4] "The movant's claimed interest is measured in terms of its relationship to the property or transaction that is the subject of the action, not in terms of the particular issue before the district court."[5] Here, Movants meet this requirement in that they claim to be the purchasers of the property at issue.

"The second element—*impairment*—presents a minimal burden. '[A] would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied.'"[6] Here, the interests of the Movants would be impaired if intervention was denied. As stated, Plaintiff seeks to quiet title in the property. Movants claim ownership of the subject property. If the Court were to rule in favor of Plaintiff and quiet title in it, Movant's interests in the property would certainly be impaired.

---

[3] *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010).

[4] *Id*. (quoting *San Juan County v. United States*, 503 F.3d 1163, 1195 (10th Cir. 2007)).

[5] *Id*.

[6] *Id*. at 1199 (quoting *WildEarth Guardians v. USFS*, 573 F.3d 992, 995 (10th Cir. 2009))

"Finally, the *inadequate representation* element of Rule 24(a)(2) also presents a minimal burden. The movant must show only the possibility that representation may be inadequate."[7]  The Court finds that the existing parties do not adequately represent the movant's interest.  Plaintiff and Movants have clearly divergent interests and it does not appear that any Defendants would adequately represent Movants' interests in that they do not claim ownership of the property. Based on the above, the Court finds that Movants are entitled to intervene as of right.

Movants intervention raises the issue of the Court's jurisdiction.[8]  Plaintiff alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).[9]  "Under 28 U.S.C. § 1332, a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000."[10]  Movants are non-diverse parties.  Typically, "[d]iversity jurisdiction, once established, is not defeated by the addition of a non-diverse party to the action."[11]  "However, diversity jurisdiction will be destroyed if it is determined that the

---

[7]*Id*. at 1200.

[8]"Inasmuch as federal courts are courts of limited jurisdiction, the court may and, in fact, has an obligation to inquire into its jurisdiction *sua sponte*." *Koerpel v. Heckler*, 797 F.2d 858, 861 (10th Cir. 1986).

[9]Plaintiff also relies on 28 U.S.C. § 2201, the Declaratory Judgment Act, to provide jurisdiction.  The Tenth Circuit has stated, however, that "[t]he Declaratory Judgment Act does not extend the jurisdiction of federal courts; it only "enlarge[s] the range of remedies available. Power to issue declaratory judgments must lie in some independent basis of jurisdiction." *Prier v. Steed*, 546 F.3d 1209, 1212 (10th Cir. 2006).

[10]*Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006).

[11]*Salt Lake Tribune Pub. Co., LLC v. AT&T Corp.*, 320 F.3d 1081,1096 (10th Cir. 2003) (quotations marks and citation omitted).

later-joined, non-diverse party was indispensable to the action at the time it commenced."[12]  "If . . . the non-diverse intervenor was an indispensable party under Rule 19 when the complaint was filed, the action must be dismissed."[13]  Thus, the Court must determine whether Movants were indispensable at the time this matter was commenced.

"Whether a party is indispensable is determined by considering the factors set forth in Fed.R.Civ.P. 19."[14]  "The analysis has two parts: first, we must determine whether a party is necessary under 19(a); second, we must determine whether it is indispensable under 19(b)."[15]

Under Rule 19(a), a party is necessary if:

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest . . . .[16]

As set forth above, Movants claim an interest in the property that is the subject of the action.  Further, Movants are so situated that disposing of this action in their absence may impair or impede their ability to protect their alleged interest in the subject property.  Therefore, the Court finds that Movants are necessary parties under Rule 19(a).

---

[12]*Id.*

[13]*Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 704-05 (3d Cir. 1996).

[14]*Salt Lake Tribune Pub. Co.*, 320 F.3d at 1096.

[15]*Id.* (quotation marks and citation omitted)

[16]Fed.R.Civ.P. 19(a)(1)(B)(i).

Rule 19(b) provides:

> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
> (A) protective provisions in the judgment;
> (B) shaping the relief; or
> (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.[17]

Considering these factors, the Court finds that Movants are indispensable parties. There is a significant potential risk of prejudice to Movants if judgment were rendered in their absence. Such prejudice could not be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures. Any judgment rendered in Movant's absence would not be adequate because Movant's alleged interest in the subject would remain unadjudicated. Further, Plaintiff will have an adequate remedy if this matter is dismissed because the action can be brought in state court. For these reasons, the Court finds that Movants are entitled to intervene as of right and are indispensable parties whose intervention destroys this Court's subject matter jurisdiction. Therefore, the Court will grant Movant's Motion to Intervene and dismiss this matter for lack of subject matter jurisdiction.

---

[17] Fed.R.Civ.P. 19(b).

III.  CONCLUSION

It is therefore

ORDERED that the Motion to Intervene (Docket No. 10) is GRANTED.  It is further

ORDERED that this matter be DISMISSED for lack of subject matter jurisdiction.  The

Clerk of the Court is directed to close this case forthwith.

DATED   August 19, 2010.

BY THE COURT:

_____

TED STEWART
United States District Judge